ROANE, Judge.
At the trial of this cause, it appears, from the bill of exceptions, that two objections were taken to the writing obligatory, with the assignments mentioned in the declaration, being evidence proper to be submitted to the jury. 1st. Because, inasmuch, as it ought, according to law, as" was alledged, to have been in the office of the Court of Caroline, having been, as appears from the *108 record in this case, the foundation of an action in that Court, it is to he inferred, -that this was not the note mentioned in the declaration; and 2d. That it should not have been given in evidence, without proving the hand-writing of the assignors in all the intermediate assignments. ,
As to the first, we have only to say, that the note itself was proper to be given in evidence. How the party obtained it, was not an enquiry for the Court. As an action is given to the assignee in default of recovery against the obligor, he must have the use of the note some how, even if the action is brought in a different Court; and we ought rather to intend that it was obtained properly than illegally.
As to the second, it was decided, in Mackie’s exr. v. Davis, 2 Wash. 219, that this action was founded principally on the privity which exists between the assignor and assignee; and, therefore, the mesne endorsements were unnecessary to be proved.*
Another exception was taken, in the argument, to the obligation as proper evidence, viz: on account of a variance of the assignments set out in the declaration, being stated to be for value received; whereas, these last words are wanting in the assignment themsélves. To which, I answer, the expression of the declaration, for value received, is only an averment of the plaintiff, and not intended as an averment of what is contained in the assignments themselves. But, if this was not the case, this note, with its assignments, was certainly proper evidence on the general count for money had and received, †
It also might have been objected, that there is a variance, in the assignments given in evidence, from those stated in the declaration, as to the day in which the assignment was made to the plaintiff. But, the last answer given to the preceding objection, would equally apply to this, if it should be deemed such a variance, as renders it improper upon the special count: As to which, it is unnecessary for me to give any opinion.
The objection made in the exceptions to the opinion of the Court, respecting the liability of the assignor, is justly abandoned since the decision of this Court in the case of Mackie’s exr. v. Davis.
*109 But, after haying moved for and obtained the opinion of the Court on that point, and having made an exception to that opinion, which would reserve to him the benefit of I’eviewing it before an appellate Court, the defendant, without stating any other point of law arising in the case, moved the Court to instruct the jury to find a special verdict. It does not appear that there was any other point of law in the cause which could be proper for the consideration of the jury. I say, for the consideration of the jury, because all the objections, before stated against the admissibility or competency of the evidence, were solely proper for the consideration of the Court.
As much inclined as I am to think, that Courts should observe the maxim, that Courts shall answer to questions of law, I see no reason to extend the doctrinero far as that, when a party has chosen to appeal to the opinion of the Court in one particular form, he should, upon the same ground only, take another chance for the opinion of the same Court in another form, as it will unavoidably produce delay. If, indeed, the defendant had shewn in the bill of exceptions, that there were other points in the cause, which were proper for the decision of the Court, and not decided on by them, the objection would probably have been considerably more substantial. I am for affirming the judgment.

[* The defendant’s assignment adroitted the hand-writing of all the prior parties. See Lambert v. Pack, 1 Salk. 127, Lord Ray. 443 ; Critchlow v Parry, 1 Camp. Cas. 182.]

[† Slate Bank v. Hurd. 12 Mass, R.172.]